In the Matter of the Construction of the Will of NATHANIEL POTTER, Deceased. FRED J. MUNDER et al., as Acting Successor Trustees under the Will of NATHANIEL POTTER, Deceased, et al., Appellants; ETHEL F. YOUNG, Individually and as Executrix of BERTHA L. YOUNG, Deceased, et al., Respondents. — In a proceeding to construe a trust provision in a will the Surrogate determined that the bequest was for a specific charitable purpose, to wit, the education of the children of the poor at a particular institution of learning; that the trust ended when the institution went out of existence in 1858; and that the testator's next of kin are entitled to the trust fund. The successor trustees, the Attorney-General, and the Union Free School District No. 3 of the Town of Huntington appeal. Decree of the Surrogate's Court, Suffolk County, affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Carswell, Adel, Wenzel and Beldock, JJ., concur; Nolan, P. J., dissents and votes to reverse the decree and to remit the matter to the Surrogate's Court, with the following memorandum: The trust provisions of the will considered as a whole indicate that the testator's paramount intention was to create a trust for the general charitable purpose of affording an education to the children of the poor, and to graft on the general gift a direction as to his desires and intentions as to the manner in which the general gift should be carried into effect, by providing for the education of such children at the academy in the village of Huntington. Although the academy no longer exists as to the instrumentality through which such education may be furnished, the general purpose may still be carried out by other means. The matter should be remitted for determination as to the exact means for carrying out the general charitable purpose for which the trust was created.